IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LOCAL UNION NO. 124 I.B.E.W. PENSION TRUST FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-cv-00097-DGK |
| REYNOLDS ELECTRIC, INC., | ) ) | |
| Defendant. | ) | |

**ORDER FINDING DEFENDANT LIABLE TO PLAINTIFFS ON ALL COUNTS AND ORDERING DEFENDANT TO PERMIT AN ACCOUNTING FOR DAMAGES**

When Defendant Reynolds Electric, Inc., was served but failed to participate in this action, the Clerk entered default against it. Plaintiffs now move for a default judgment under Federal Rule of Civil Procedure 55(b) (Doc. 5). For the reasons below, the motion is GRANTED IN PART.

**Background**

This action centers around seven employee pension benefit plans ("the Funds"), who are some of the Plaintiffs here. Seven other Plaintiffs are the Funds' trustees; the remaining Plaintiff is the union which administers the Funds pursuant to certain collective bargaining agreements ("the Union").

Defendant, according to the Complaint, employed electrical workers who were Union members. As part of this arrangement, Defendant signed the Union's collective bargaining agreements and accepted three pertinent obligations. First, Defendant agreed to contribute various sums per hour per employee to the Funds. Second, Defendant agreed to submit regular written reports listing the names and hours worked and the amounts contributed for each relevant employee. The Funds' trustees were permitted to inspect and make copies of Defendant's records that pertain

to the employees' compensation.  Third, Defendant agreed to pay the Union supplemental dues, to be deducted from the electrical workers' compensation.

Since January 1, 2014, Defendant has failed to submit the necessary reports and to pay the Funds correctly.  Because Defendant has not permitted an accounting, Plaintiffs are unsure of the exact amount of contributions that Defendant owes the Funds.  Defendant has not paid the Union any supplemental dues.

Plaintiffs sued Defendant under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA").  The Funds and their trustees seek money damages, including the unpaid fringe benefit contributions due under the collective bargaining agreements, and an order requiring Defendant to maintain records in the future listing the names and hours worked and the amounts contributed for each such employee.  The Union seeks money damages equal to the unpaid supplemental dues.  All Plaintiffs seek an accounting, interest, attorneys' fees, and costs.

Plaintiffs served Defendant's registered agent, Larry Reynolds.  When Defendant failed to file an answer or other defense, the Clerk entered default.  Plaintiffs filed this motion, a copy of which they sent to Larry Reynolds via certified mail.  The Court ordered Defendant to show cause why it should not enter a default judgment, but Defendant again failed to respond.

**Standard**

In considering a motion for a default judgment, the court takes as true all allegations in the complaint that relate to liability.  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  The court does not take as true conclusions of law or factual allegations relating to damages.  *Id.*  The court may enter default judgment against a defendant if the resulting facts constitute a legitimate cause of action.  *Id.*

**Discussion**

In Counts I through VII, each Fund sues Defendant for violating ERISA's plan-contribution and recordkeeping provisions. In Count VIII, the Union sues Defendant under the LMRA for violating the collective bargaining agreements.

ERISA provides "strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent [ERISA plan] accounts." *Kern v. Goebel Fixture Co.*, 765 F.3d 871, 875 (8th Cir. 2014) (alteration in original). Specifically, an employer must make contributions to an employee pension benefit plan if required to do so by a collective bargaining agreement. 29 U.S.C. § 1145. Such an employer must maintain records on what benefits are due or may become due to such employees. *Id.* § 1059(a). As presented in this case, an employer is civilly liable to a plan's fiduciary for violating any of these provisions. *Id.* § 1132(a)(3)(B)(ii).

Here, Defendant was obligated to make fringe benefit contributions to each Fund, but has not done so since January 1, 2014. Nor has Defendant maintained records on the contributions it was required to make. Defendant has thus violated ERISA and is liable to the Funds and their trustees on Counts I through VII. *See id.* §§ 1145, 1059(a).

As for the Union's claim, an employer is liable under LMRA for breaching a contract with a union. *Id.* § 185(a). Here, Defendant contractually promised to be bound by the collective bargaining agreements, which required Defendant to pay the Union supplemental dues. Defendant has not paid supplemental dues since January 1, 2014. Therefore, Defendant has violated LMRA and is liable to the Union on Count VIII.

Having found liability on all counts, the Court must determine the character of Plaintiffs' recovery. The court may conduct hearings if necessary to conduct an accounting or determine the

amount of damages. Fed. R. Civ. P. 55(b)(2)(A)–(B). Not until the plaintiffs have established damages may the court enter judgment. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Here, the amount of damages is unclear, because Plaintiffs do not know how exactly how much Defendant owes them. Accordingly, the Court orders Defendant to permit an accounting by Plaintiffs. Once Plaintiffs have had an opportunity to do so, the Court will hold a hearing to determine the amount of damages. (Of course, at the hearing Plaintiffs may present any evidence salient to remedies, not just evidence obtained from Defendant.) After the hearing, the Court will determine the appropriate scope of monetary and injunctive relief.

## Conclusion

For the reasons above, Plaintiffs' motion (Doc. 5) is GRANTED IN PART. The Court finds in favor of all Plaintiffs on all counts, but takes the remedies under advisement.

Defendant is ordered to permit an accounting by Plaintiffs of its business books, records, ledgers, and other relevant documents pertaining to money Defendant paid employees covered by the Union's collective bargaining agreements from January 1, 2014, to the date of this Order. For example, Defendant must make available to Plaintiffs: (1) the total number of hours worked by such employees; (2) the compensation Defendant paid such employees; and (3) monies Defendant withheld from such employees for taxes paid on their account.

No later than September 11, 2016, Plaintiffs must file a status report indicating their readiness for a damages hearing.

**IT IS SO ORDERED.**

Date: July 15, 2016     /s/ Greg Kays
                        GREG KAYS, CHIEF JUDGE
                        UNITED STATES DISTRICT COURT