# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LOCAL UNION NO. 124 I.B.E.W. PENSION TRUST FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:16-CV-00097-DGK ) |
| REYNOLDS ELECTRIC, INC., | ) ) |
| Defendant. | ) |

## ORDER ENTERING JUDGMENT AGAINST DEFENDANT IN THE AMOUNT OF $83,997.28

After Defendant Reynolds Electric, Inc. ("Defendant"), failed to respond to Plaintiffs' Complaint, the Clerk entered default against it. Plaintiffs moved for default judgment. The Court granted their motion in part, ordering that Plaintiffs perform an accounting for damages and submit evidentiary support for their damages request. Now before the Court is Plaintiffs' Supplemental Brief in Support of Plaintiffs' Award of Damages, and three supporting affidavits (Doc. 20). For the reasons set forth below, the Court enters default judgment against Defendant and in favor of Plaintiffs in the total amount set forth below.

## Background

This action centers around seven employee pension benefit plans ("the Funds"), who are some of the Plaintiffs here. Four other Plaintiffs are the Funds' trustees.[1] The remaining Plaintiff is the union (the "Union"), which administers the Funds pursuant to certain collective bargaining agreements.

---

[1] Specifically, Terral S. Akins and Kenneth C. Borden are trustees of the Local Union No. 124 I.B.E.W. Pension Trust Fund, Local Union No. 124 I.B.E.W. – N.E.C.A. Annuity and 401(k) Trust Fund, I.B.E.W. Local Union No. 124 Health and Welfare Fund, IBEW Local Union No. 124 Vacation and Holiday Trust Fund, Electrical Joint Apprenticeship and Training Trust Fund, and Labor Management Cooperation Trust. Salvatore Chilia and Dennis Quebe are trustees of the National Electrical Benefit Fund.

Defendant, according to the Complaint, employed electrical workers who were Union members. As part of this arrangement, Defendant signed the Union's collective bargaining agreements and accepted three pertinent obligations. First, Defendant agreed to contribute various sums per hour per employee to the Funds. Second, Defendant agreed to submit regular written reports listing the names and hours worked and the amounts contributed for each relevant employee. The Funds' trustees were permitted to inspect and make copies of Defendant's records that pertain to the employees' compensation. Third, Defendant agreed to pay the Union supplemental dues, which were deducted from the electrical workers' compensation.

Since January 1, 2014, Defendant has failed to submit the necessary reports and to pay the Funds correctly. Because Defendant has not permitted an accounting, Plaintiffs were unsure of the exact amount of contributions Defendant owes the Funds. Defendant has not paid the Union any supplemental dues.

Plaintiffs sued Defendant under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). The Funds and their trustees seek money damages, including the unpaid fringe benefit contributions due under the collective bargaining agreements, and an order requiring Defendant to maintain records in the future listing the names and hours worked, and the amounts contributed for each relevant employee. The Union seeks money damages equal to the unpaid supplemental dues. All Plaintiffs seek an accounting, interest, attorney's fees, and costs.

Plaintiffs served Defendant's registered agent, Larry Reynolds (Doc. 3). When Defendant failed to respond to the Complaint, Plaintiffs moved for an entry of default against Defendant (Doc. 5). The Clerk entered default (Doc. 10), and the Court ordered Defendant to show cause why default judgment should not be entered against it (Doc. 11). Defendant failed to respond, and the

Court granted Plaintiffs' motion for default judgment in part, finding against Defendant for each of the allegations relating to liability (Doc. 13). Specifically, the Court found Defendant violated 29 U.S.C. §§ 1059(a) and 1145 by failing to make contributions to the plans and keep records regarding employee benefits. Additionally, the Court found Defendant violated 29 U.S.C. § 185(a) by breaching a contract with a union. The Court ordered Plaintiff to file a brief outlining the evidence in support of their claim for money damages and attorney's fees, accompanied by any evidentiary support for these amounts.

## Discussion

On November 8, 2016, Plaintiffs filed a brief and two supporting affidavits outlining the requested awards. These requests are discussed below.

### I. Plaintiffs are entitled to recover a total of $65,533.32 in unpaid contributions; $13,107.07 in liquidated damages; and $491.50 in interest.

First, Plaintiffs seek judgment against Defendant for unpaid contributions, liquidated damages, interest, and costs. Plaintiffs audited Defendant's business books and records relating to Plaintiffs' claims and calculated all unpaid contributions, liquidated damages, and interest owed for the period September 1, 2015, through February 7, 2016. The audit revealed: (1) unpaid contributions for this period totaled $65,533.32; (2) liquidated damages totaled $13,107.07; and (3) interest due totaled $491.50. (Doc. 20-2 at ¶ 8).

In considering a motion for default judgment, the court takes as true all allegations in the complaint that relate to liability. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The court does not take as true conclusions of law or factual allegations relating to damages. *Id.* Once liability under ERISA is established, a court is required to award a plaintiff damages for: (1) unpaid contributions, (2) interest on the unpaid contributions, (3) liquidated damages, and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). The plaintiff must prove

3

allegations pertaining to the amount of damages "to a reasonable degree of certainty." *St. Louis—Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16-CV-00929-AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016) (quoting *Painters Dist. Council No. 2 v. Diversified Drywall Sys., Inc.*, No. 4:11-CV-1823 CEJ, 2012 WL 6740650, at *2 (E.D. Mo. Dec. 31, 2012)). Plaintiff may prove damages by a sworn affidavit and supporting documentation. *See, e.g.*, *id.* at *2-3 (relying on affidavits from accountant and controller of pension funds and plaintiffs' attorney to enter damages award for ERISA default); *H&R Block Enters. LLC v. Ascher*, No. 4:15-cv-00178-SRB, 2015 WL 5008996, at *4 (W.D. Mo. Aug. 20, 2015) ("Affidavit evidence is sufficient to support an award of damages for purposes of a default judgment."); *SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc.*, No. 4:12-CV-2386 CAS, 2014 WL 1389581, at *2-4 (E.D. Mo. Apr. 9, 2014) (relying on affidavits of movant's attorney and executive officer as sufficient to establish attorney's fees and costs, and damages from breach of facility provider agreement, respectively).

The Court finds that the sworn affidavits supplied by Plaintiffs are sufficient to prove judgment should be entered against Defendant for the following amounts:

- To Plaintiff Local Union No. 124 I.B.E.W. Pension Trust Fund: $18,771.89 in unpaid contributions; $3,754.78 in liquidated damages; and $140.79 in interest, for a total of $22,667.46.

- To Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund: $46,761.43 in unpaid contributions; $9,352.29 in liquidated damages; and $350.71 in interest, for a total of $56,464.43.

This award amounts to: $65,533.32 in unpaid contributions; $13,107.07 in damages; and $491.50 in interest, for a total of $79,131.89.

## II. An award of $4,865.39 in attorney's fees and costs is reasonable.

Plaintiffs also request $3,993.40 in attorney's fees and $871.99 in costs. (Doc. 16 at ¶ 4).

Prior to approving the requested attorney's fees, the Court must satisfy itself that the fees are reasonable under ERISA, 29 U.S.C. § 1132(g)(2)(D). The determination of a reasonable attorney's fee award under § 1132(g)(2)(D) rests within the district court's discretion. *Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984).

Here, the summary of services provided by counsel calculates fees at $3,993.40, representing 19.1 hours billed at $206 per hour. (Doc. 20-4). Fees and costs, including copies, postage, the filing fee, and a service fee, total $871.99. *Id.* The Court finds, in light of the amounts involved and the results obtained for Plaintiffs, this fee request is reasonable. But, it appears counsel erred by seeking $4,819.65 in attorney's fees and costs. *Compare* Newbold Aff. at ¶ 4 (calculating attorney's fees and costs to total $4,819.65) (Doc. 20-3), *with* Newbold Aff., Ex. 1 at 1 (showing attorney's fees totaling $3,993.40 and costs totaling $871.99, the sum of which is $4,865.39). Accordingly, the Court corrects this error, and awards $3,993.40 in attorney's fees and $871.99 in costs, for a total of $4,865.39.

## Conclusion

In sum, the Court enters default judgment against Defendant and in favor of Plaintiffs in the total amount of $83,997.28. This amount represents $65,533.32 for unpaid contributions; $13,107.07 in damages; $491.50 in interest; and $4,865.39 in attorney's fees and costs.

**IT IS SO ORDERED**.

DATED: May 2, 2017  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT